**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kathryn Wait, | No. CV-15-08033-PCT-NVW |
| Plaintiff, | **ORDER** |
| v. | |
| Carolyn W. Colvin, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Kathryn Wait seeks review under 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security ("the Commissioner"), which denied her disability insurance benefits under sections 216(i) and 223(d) of the Social Security Act. Because the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence and is not based on legal error, the Commissioner's decision will be affirmed.

**I.   BACKGROUND**

   **A.   Factual Background**

Plaintiff was born in March 1958. She has a college degree and worked in several skilled jobs, involving light to sedentary work. On August 13, 2008, Plaintiff suffered a back injury while working as a dormitory supervisor. She has not worked since September 28, 2010. In October 2010, she had lumbar fusion surgery, but she continues

to have chronic back pain. In April 2012, Plaintiff had a left knee replacement, which improved her knee pain.

### B. Procedural History

On August 23, 2011, Plaintiff applied for disability insurance benefits alleging disability beginning September 28, 2010. On October 8, 2013, she appeared with her attorney and testified at a video hearing before the ALJ. A vocational expert also testified. On October 18, 2013, the ALJ issued a decision that Plaintiff was not disabled within the meaning of the Social Security Act. The Appeals Council denied Plaintiff's request for review of the hearing decision, making the ALJ's decision the Commissioner's final decision. On March 11, 2015, Plaintiff sought review by this Court.

## II. STANDARD OF REVIEW

The district court reviews only those issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, less than a preponderance, and relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted); *accord Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) ("Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record.").

## III. FIVE-STEP SEQUENTIAL EVALUATION PROCESS

To determine whether a claimant is disabled for purposes of the Social Security Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears

the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

At the first step, the ALJ determines whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. At step four, the ALJ assesses the claimant's residual functional capacity and determines whether the claimant is still capable of performing past relevant work. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work based on the claimant's residual functional capacity, age, education, and work experience. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

At step one, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2015, and that she has not engaged in substantial gainful activity since September 28, 2010. At step two, the ALJ found that Plaintiff has the following severe impairments: status post fusion at L3-L5, status post left knee replacement, and lumbar radiculopathy. At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.

At step four, the ALJ found that Plaintiff:

> has the residual functional capacity to perform sedentary work as defined in
> 20 CFR 404.1567(a) except that the claimant can never climb ladders,

> ropes or scaffolds. She can occasionally climb ramps or stairs and can occasionally balance, stoop, crouch, kneel and crawl. She should avoid concentrated exposure to extreme cold, extreme heat, wetness or humidity, excessive noise, excessive vibration, hazardous machinery and unprotected heights.

"Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a). The ALJ further found that Plaintiff is capable of performing past relevant work as a case manager and dorm supervisor.

## IV. ANALYSIS

### A. The Opinions of Drs. Ring and Handal Do Not Require a Sit/Stand Option.

#### 1. Legal Standard

A residual functional capacity finding involves a detailed assessment of how a claimant's medical impairments affect her ability to work. In determining a claimant's residual functional capacity, the ALJ "must consider all relevant evidence in the record, including, inter alia, medical records, lay evidence, and 'the effects of all symptoms, including pain, that are reasonably attributed to a medically determinable impairment.'" *Robbins v. SSA*, 466 F.3d 880, 883 (9th Cir. 2006). In deciding the weight to give any medical opinion, the ALJ considers not only whether the source has a treating or examining relationship with the claimant, but also whether the treatment or examination is related to the alleged disability, the length of the relationship, frequency of examination, supporting evidence provided by the source, and medical specialization of the source. 20 C.F.R. § 404.1527(c). The Commissioner considers opinion evidence along with other evidence regarding the nature and severity of a claimant's impairments and a claimant's residual functional capacity. 20 C.F.R. §§ 404.1527(d).

### 2.     Record Evidence

Plaintiff contends the ALJ erred by saying he "assigned significant weight" to the opinions of examining physician Dr. Joseph Ring and state agency reviewing physician Dr. Kathleen Handal without including a sit/stand option in the residual functional capacity assessment.  The ALJ stated that both Drs. Ring and Handal opined that Plaintiff could perform sedentary work[1] and these opinions were assigned great weight and supported by the objective medical evidence.

Dr. Ring examined Plaintiff on December 3, 2011.  He reported that Plaintiff drove herself to the examination and was able to do all of her activities of daily living at home except for vacuuming.  He noted that Plaintiff reported that her lumbar fusion surgery dramatically improved the pain going down her right leg, but she continued to have significant back pain.  Plaintiff also reported that if she sat for more than 5 to 10 minutes, her back pain would become very severe.  Dr. Ring observed that Plaintiff changed positions very often during the examination and seemed to have pain whenever she sat or stood in one position for more than five or six minutes.  He opined that Plaintiff "could do approximately five hours intermittently during the day of standing and walking as long as she changes positions every 10 to 15 minutes."  Dr. Ring further opined that Plaintiff "has no specific limitations in the duration of sitting, but she has to get up and change positions every 10 to 15 minutes at a minimum because of significant lower back pain."  Although he said she must "get up," Dr. Ring did not opine that Plaintiff must alternate sitting and standing, and he expressly did not limit the length of time Plaintiff can sit.

On December 23, 2011, Dr. Handal reviewed Dr. Ring's medical source statement and other medical evidence.  She summarized Dr. Ring's opinion as limiting Plaintiff's walking and standing to 5 hours intermittently in an 8-hour day with changes in position

---

[1] A job may be considered "sedentary" if it involves sitting with occasional walking and standing.  20 C.F.R. § 404.1567(a).

- 5 -

1 every 10-15 minutes and imposing no sitting limitations. Dr. Handal gave Dr. Ring's opinion "great weight." Dr. Handal opined that Plaintiff could stand and/or walk with normal breaks for a total of 5 hours and sit with normal breaks for about 6 hours in an 8-hour workday.

The ALJ did not mischaracterize Drs. Ring and Handal's opinions. Neither Dr. Ring nor Dr. Handal opined that Plaintiff required a sit/stand option. Both opined that Plaintiff had no limitation in duration of sitting. Both opined that she needed to be able to change positions while standing and walking. Neither opined that Plaintiff could perform sedentary work only if she were permitted to stand at certain intervals.

Therefore, it was not error for the ALJ's residual functional capacity assessment to not include a sit/stand option limitation.

**B.   Plaintiff Did Not Prove She Cannot Perform Past Relevant Work.**

At step four, Plaintiff had the burden of showing she can no longer perform her past relevant work. *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001). The ALJ may conclude a claimant can perform past relevant work by finding she is able to perform the actual functional demands and duties of a particular past relevant job *or* she is able to perform the functional demands and duties of the occupation as generally required by employers throughout the national economy. *Id.* at 845. Thus, at step four, Plaintiff had the burden to prove she cannot perform her prior relevant work as actually performed and as generally performed in the national economy. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1166 (9th Cir. 2008).

The ALJ may assess a claimant's past relevant work as actually performed by considering a properly completed vocational expert's report and/or the claimant's own testimony. *Pinto*, 249 F.3d at 845. The *Dictionary of Occupational Titles* usually is the best source for how a job is generally performed. *Id*.

Plaintiff described her job as a case manager as assisting families and individuals who were dependent on drugs and/or alcohol to overcome their addiction, obtain employment, and reunite with their families. She reported that her job required using a

1    computer and technical knowledge and skills and it included writing and completing
2    reports. She said that as a case manager she walked no more than 1 hour per day, stood
3    no more than 1 hour per day, and sat 6 or more hours per day. She said the heaviest
4    weight she lifted was less than 10 pounds, and the weight she frequently lifted was less
5    than 10 pounds. She did not say that during her work as a case manager she was required
6    to sit without changing positions.

7    Plaintiff said as a dormitory supervisor she supervised an average of 5 dormitory
8    employees per shift and she oversaw the safety and confinement of dormitory student
9    residents. She used a computer and wrote and completed reports. She said that as a
10   dormitory supervisor she walked 2 hours per day, stood 3 hours per day, and sat 4 hours
11   per day. She did not say that during her work as a dormitory supervisor she was required
12   to sit without changing positions.

13   At the administrative hearing, the vocational expert classified both the dormitory
14   supervisor and the case manager positions as skilled sedentary for which Plaintiff had
15   acquired the requisite skill levels. In response to a hypothetical posed by the ALJ, the
16   vocational expert testified that an individual who could sit for 6 of 8 hours in a workday
17   and stand and walk 5 of 8 hours in a workday would be able to perform all of Plaintiff's
18   past relevant jobs. The vocational expert testified that an individual could perform the
19   dorm supervisor and case manager jobs even if she were restricted to sedentary work with
20   the use of a handheld assistive device for ambulation and balance. The vocational expert
21   testified that her testimony was consistent with the *Dictionary of Occupational Titles* and
22   her training, education, and experience in the field. Thus, substantial evidence supported
23   the ALJ's finding that Plaintiff is capable of performing past relevant work as a case
24   manager and a dormitory supervisor.

25   As found above, it was not error for the ALJ's residual functional capacity
26   assessment to not include a sit/stand option limitation. Therefore, the vocational expert's
27   testimony regarding a hypothetical individual restricted to sedentary work with a sit/stand
28   option is irrelevant.

IT IS THEREFORE ORDERED that the final decision of the Commissioner of Social Security is affirmed. The Clerk shall enter judgment accordingly and shall terminate this case.

Dated this 25th day of January, 2016.

Neil V. Wake<br>
United States District Judge